UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LINCOLN SCHOOL COMMITTEE,<br>  Plaintiff,<br><br>  v.<br><br>PAMELA AZAR,<br>AS PARENT AND NEXT FRIEND OF<br>A.A., ALIAS,<br>  Defendant. | )<br>)<br>)<br>)<br>)   C.A. No. 08-0080-S<br>)<br>)<br>)<br>)<br>)<br>) |

## DECISION AND ORDER

WILLIAM E. SMITH, United States District Judge.

This matter comes before the Court on the motion to dismiss filed by Defendant Pamela Azar ("Defendant") against the Complaint of Plaintiff Lincoln School Committee ("Plaintiff"). Defendant argues that Plaintiff has no independent authority to pursue this lawsuit, and that only the Town of Lincoln, through its Town Solicitor, may either initiate or pursue litigation on Plaintiff's behalf. Defendant refers the Court to Town of Johnston v. Santilli, a case involving a charter similar to that governing the Town of Lincoln. 892 A.2d 123 (R.I. 2006). In that case, the Rhode Island Supreme Court held that the Johnston Town Charter, which required the town solicitor to represent "all . . . departments, offices and agencies of the town," applied to the town's school committee and prohibited it from retaining

1

independent legal counsel except where ethical considerations required otherwise. Id. at 131. The Court commented that, while "there exists a public policy argument that . . . school committees should have their own legal counsel," that debate "should be resolved in the public forum or in the Legislature, not in the courts." Id. at 133.

However, as Defendant concedes in her motion, after Town of Johnston was decided, the Rhode Island Legislature amended Rhode Island General Laws section 16-2-9. That section now provides:

> Notwithstanding any other provision of law, whether of general or specific application, and notwithstanding any contrary provision of any city or town charter or ordinance, the elected school committee of any city, town and regional school district shall be, and is hereby authorized to retain the services of such independent legal counsel as it may deem necessary and convenient. Any counsel so retained shall be compensated out of funds duly appropriated to the school committee, and in no event shall the independent counsel be deemed to be an employee of the pertinent city or town for any purpose.

R.I. Gen. Laws § 16-2-9(g). The addition of this language appears to have settled the public policy debate implicated by Town of Johnston in favor of allowing school committees to retain their own legal counsel, regardless of what may otherwise be provided for in the Town of Lincoln's charter or ordinances. Therefore, Defendant's argument as to Plaintiff's lack of authority is unavailing.

Nevertheless, Defendant argues that Plaintiff has not properly authorized Andrew D. Henneous, Esq., or the law firm of Brennan,

Recupero, Cascione, Scungio & McAllister to represent it in this proceeding.  While that may or may not be true, the motion before the Court is unsupported by any authority or anything else besides Defendant's contention.  In ruling on a motion to dismiss, the Court must construe the complaint in the light most favorable to Plaintiff, taking all well-pleaded factual allegations as true and giving Plaintiff the benefit of all reasonable inferences.  <u>Aybar</u> v. <u>Crispin-Reyes</u>, 118 F.3d 10, 13 (1st Cir. 1997); <u>Carreiro</u> v. <u>Rhodes, Gill & Co.</u>, 68 F.3d 1443, 1446 (1st Cir.  1995).

Moreover, Plaintiff's counsel is an officer of the Court, has entered his appearance on behalf of Plaintiff, and has an ethical obligation to do so only upon proper authorization.  In sum, the Court will not dismiss the complaint solely on the authority of unsubstantiated accusations leveled by Defendant.

For the foregoing reasons, Defendant's motion to dismiss is DENIED.


ENTER:

_____
Deputy Clerk


IT IS SO ORDERED.


_____
William E. Smith
United States District Judge
Date:  5 / 20 / 08

-4-